

U.S. Department of Justice

United States Attorney
Eastern District of New York

SLR:BDM:KKO
F. #2012V00608

271 Cadman Plaza East
Brooklyn, New York 11201

July 13, 2016

By ECF with Courtesy Copy by Interoffice Mail

The Honorable Arthur D. Spatt
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re: *United States v. The Real Property Located at 272 Old Montauk Highway, Montauk, New York 11954, and All Proceeds Traceable Thereto,* et al.
Civil Docket No. 12-1880 (ADS)

       *Securities and Exchange Commission v. Brian Raymond Callahan, et al.*
Civil Docket No. 12-1065 (ADS)

Dear Judge Spatt:

    The government respectfully writes in response to the motion filed on behalf of Jerry Ostry in the above-captioned civil forfeiture and SEC enforcement proceedings on June 29, 2016. In his motion, Mr. Ostry asks the Court to order the Securities and Exchange Commission (the "SEC") and the Department of Justice ("DOJ") to turn over funds to the SEC Receiver, and to allow the Receiver to make an appropriate payment to Mr. Ostry on an emergency basis. On the same date, the Court directed the government to file a letter explaining what relief, if any, is available to Mr. Ostry in the forfeiture action.

I.    Background

    On July 1, 2016, the SEC Receiver filed a responsive letter setting forth the status of Mr. Ostry's claim and explaining that Mr. Ostry must await the Court's approval of the SEC Receiver's final claim determination and the authorization of distributions consistent with that determination. On July 2, 2015, the Court entered an order in the SEC enforcement proceeding concluding that a distribution to Mr. Ostry at the present time would be unfair to other claimants and premature, and terminated the motion.

    The United States Marshals Service is currently holding approximately $40,451,332.48, which was forfeited in the civil forfeiture action following the interlocutory

sales of the Panoramic View Resort and the premises located at 47 Clock Tower Lane, Old Westbury, New York. The government also expects to seek a final order of forfeiture as to additional funds in connection with the sentencing of the defendants in the parallel criminal case, captioned *United States v. Callahan and Manson*, 13-CR-45 (ADS).

II.     How Forfeited Funds Are Made Available to Victims

Returning assets to the victims of financial crime is a priority of the DOJ asset forfeiture program. The government has two methods for distributing forfeited funds to victims—restoration and remission. In either case, the U.S. Attorney's Office makes a recommendation to the DOJ Asset Forfeiture and Money Laundering Section (AFMLS), which may then exercise its discretion in order to grant the request.

*Restoration*. When a court orders restitution as part of a criminal sentencing, DOJ can turn over (or "restore") forfeited funds to the Clerk of Court for distribution to those victims identified in a restitution order. In this case, the government intends to file a proposed restitution order with the Court in connection with the sentencings of criminal defendants Brian Callahan and Adam Manson. The proposed restitution order would set forth the name of each victim and the corresponding loss amount identified by the government based upon its review of relevant information, including affidavits of loss received from victims and claims approved by the Court in the SEC case.

*Remission*. The government also has the option of proceeding to distribute forfeited funds by way of a petition-and-remission process. To begin this process, upon the Court's approval of victim loss amounts in the SEC case, the government would invite the SEC Receiver to submit a petition on behalf of victims consistent with the amounts approved by the Court. In addition, the government may solicit petitions from victims whose claims were partially or fully denied by the SEC Receiver or who did not participate in the SEC claims process but did submit affidavits of loss to the government. The government would then analyze the petitions and recommend to AFMLS the appropriate distribution of the forfeited funds.

Regardless of whether the government elects to proceed by restoration or remission, the government will not necessarily be constrained by the basis for any claims determination made by the SEC Receiver, including any requirement that a victim must have invested money in a specific Callahan fund within the SEC receivership estate. Moreover, the government will have the benefit of reviewing evidence collected during the criminal investigation, including subpoena returns and documents seized during the execution of search warrants, in ascertaining victims' loss amounts. Thus, in certain cases where the victims may themselves lack proof that their losses resulted from Callahan and Manson's fraud, the government may potentially use recovered records to determine the appropriate loss amounts.

Based on the information currently available to the government, the government presently anticipates that that it may recognize and submit for the Court's approval victim loss amounts for certain victims that could exceed the amounts allowed by

2

the SEC Receiver.  Accordingly, until such time as the victim loss amounts are determined by the government and, in the absence of any ruling by AFMLS regarding remission or restoration, it would be premature for the Court to direct the remission of forfeited funds to the SEC Receiver for distribution to any victim.

III.     Victim Notification Procedures

Mr. Ostry also requested an opportunity to address the Court at the sentencing proceedings of defendants Callahan and Manson.  The undersigned Assistant has conferred with Victim-Witness Coordinator Lisa Foster, who confirmed that all victims will continue to be notified of significant case developments, including sentencing dates, so that they can exercise their rights to reasonably be heard, pursuant to the requirements of Title 18, United States Code, Section 3771(a)(4).  If Mr. Ostry or his representatives have any questions, they can reach Ms. Foster at (718) 254-6375, or Victim Witness Assistant Tamara Williams at (718) 254-6160.

Thanks you for Your Honor's consideration of this submission.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By:  _____/s/_____
Karin Orenstein
Assistant U.S. Attorney
(718) 254-6188

cc:     Counsel of Record (by ECF)
        Mr. Jerry Ostry (by first class mail)